**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| *In re:* | : | |
| | : | |
| Shane Serrant | : | Case Number: 20-20357 |
| | : | Chapter 7 |
| Debtor | : | |
| | : | |
| _____ | : | |
| | : | |
| Janet M. Neese, Trustee | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Adv. Proceeding No: 21-00188 |
| | : | |
| Shane Serrant | : | |
| 2902 Westbrook Lane | : | |
| Bowie, MD  20721 | : | |
| | : | |
| Defendant. | : | |
| And | : | |
| | : | |
| LeeAnn Serrant | : | |
| 2902 Westbrook Lane | : | |
| Bowie, MD  20721 | : | |
| _____ | : | |

**OPPOSITION TO TRUSTEES COMPLAINT TO SELL REAL PROPERTY FREE**
**AND CLEAR OF ANY AND ALL LIENS AND INTERESTS OF CO-OWNERS**
**PURUSANT TO 11 U.S.C. §363(H) AND TURNOVER OF PROPERTY**
**AND NOTICE OF AN OPPORTUNITY FOR A HEARING**

COMES NOW the Debtor, SHANE SERRANT, and Defendant, LEEANN

SERRANT (hereinafter "Defendant") by and through their Counsel, Rowena N. Nelson,

1

and the Law Office of Rowena N. Nelson, LLC and files this instant Objection to the Trustee's Complaint to Sell Real Property Free and Clear of Any and All Liens and Interests of Co-Owners Pursuant to 11 U.S.C. §363(h) and Turnover of Property ("Complaint") and represents as follows:

1.      Debtor Shane Serrant is married to Defendant, LeeAnne Serrant, and the couple resides with their two (2) minor children at their marital home, which is located at 2902 Westbrook Lane, Bowie, MD 20721 (the "Property").

2.      Debtor commenced the case by filing a voluntary petition for Chapter 13 Bankruptcy on November 25, 2020 (the "Petition Date") as the result of a substantial business debt owed to the Internal Revenue Service. However, on February 23, 2021, due to certain identified financial constraints, Debtor converted the Chapter 13 bankruptcy case to a Chapter 7 bankruptcy case.

3.      Janet M. Neese is the duly appointed Chapter 7 Trustee in the above-captioned case ("Trustee").

4.      On August 2, 2021, the Court entered an Order Discharging Debtor. [Dkt. No. 74].

5.      On August 26, 2021, the Trustee filed a Complaint to Sell Real Property Free and Clear of Any and All Liens and Interests of Co-Owners Pursuant to U.S.C. §363(h) and Turnover of Property.  [Dkt. No. 76 & Adv. No. 1].

6.      The Debtor does not dispute the Trustee's allegations that the estimated value of the Property on Zillow is $1,084,300.00.

7.      The Debtor does not dispute that the proof of claim filed by Citizens Bank NA f/k/a RBS Citizens NA, ("Citizens Bank") is encumbered by a first lien securing payment in the amount of $1,152,076.45 with arrears existing at the time of filing totaling $56,341.85, based upon monthly P/I/T/I payments totaling $7,096.11 per month.  [POC 5-1].

8.      Debtor asserts that the arrears resulted from the Citizens agreeing to place the loan in a COVID-19 forbearance for eight months in 2020.

9.      Debtor asserts that he has made each monthly post-petition mortgage payment, which has been accepted and posted to his account by Citizens Bank since his bankruptcy case was filed on November 25, 2020.

10.     Debtor asserts that he continues to make each monthly post-petition payment to Citizens and has been informed by a representative from Citizens that they will accept and process his application for a loan modification as soon as his bankruptcy case has been concluded.

11.     Debtor asserts that a Proof of Claim was filed by the Department of Treasury – Internal Revenue Service asserting a second lien securing the Property in the amount of $11,161 and an unsecured claim totaling $785,064.54.  [POC 3].

12.     Debtor asserts that a significant amount of the unsecured claim is subject to discharge since the majority of the tax obligations were incurred in 2014 and 2016.  The Internal Revenue Service is preparing an updated statement of the tax claim that remains due and owing post-discharge.  Debtor intends to submit an offer and compromise

through his tax accountant once the non-dischargeable tax amounts have been established.

13.     Creditor, HLG Custom Homes, LLC holds the third and final lien securing the Property resulting from a mechanics lien placed against the Property as the initial, but replaced, builder of the Property.  [POC 2].

14.     The three liens securing the Property, Citizens Bank - $1,152,076.45, IRS - $11,161.00 and HLG $71,603.33, total 1,234,840.78, which far exceeds the $1,084,300.00 Zillow valued of the Property and any sale of the Property by the Trustee would not result in any distribution to the Debtor's priority or general unsecured creditors.

15.     Since the Citizens Bank lien holder, whose lien exceeds the value of Debtor's Property, has continued to accept post-petition mortgage payments for approximately a year and is willing to accept a loan modification application from the Debtor once the bankruptcy case has been concluded, the Debtor questions the bankruptcy purpose of compelling the sale of the Debtor's property through a "short sale."

16.     The Debtor objects to the Trustee's Complaint pursuant to 11 U.S.C. § 363(h) because the benefit of the estate of a sale of the Property free of the Defendant's interest does not outweigh the detriment to the Defendant/Debtor and his Defendant spouse.

17.     The Debtor has demonstrated his ability to make his contractual payments to the first lien holder, Citizens Bank, and will resolve the arrears through a loan modification.

18.      The Debtor plans to resolve his obligation to the IRS through an offer and compromise.

19.      The only secured creditor remaining, is HLG, which is apparently seeking to acquire the Debtor's Property for the sum of $40,000.00.

20.      The Debtor objects to the Complaint because it would not serve a bankruptcy purpose or provide a benefit to the priority or general unsecured creditors of the Debtor's estate.

21.      In a non-exhaustive list, the court *In re Persky,* listed several variables that should be considered for valuing the respective interest, including "actuarial calculations of the life expectancies of the spouses, respective contributions to the purchase price of the home, tax exemptions available on the property, prospects for acquiring a new home, special physical or mental handicaps, and minor children living at home."[1]  The court also cited *United States v. Rodgers,*[2] for the quote, "we are not blind to the fact that in practical terms financial compensation may not always be a completely adequate substitute for a roof over one's head."[3]

**WHEREFORE**, for the reasons stated, Debtor, Shane Serrant and Defendant, LeeAnn Serrant, respectfully request that this Honorable Court deny the Trustee's Complaint to Sell Real Property Free and Clear of Any and All Liens and Interests of Co-Owners Purusant to U.S.C. §363(h) and Turnover of Property.

---

[1] *See Id.*
[2] *United States v. Rodgers,* 461 U.S. 677 (1983).
[3] *Rogers,* 461 U.S. at 703-04.

September 29, 2021                 /s/ Rowena N. Nelson
                                   Rowena N. Nelson, Bar #28212
                                   Law Office of Rowena N. Nelson, LLC
                                   1801 McCormick Drive, Suite 150
                                   Largo, Maryland 20774
                                   (301) 358.3271 Phone
                                   (877) 728.7744 Facsimile
                                   information@rnnlawmd.com Email

## CERTIFICATE OF SERVICE

**I HEREBY** certify that the Opposition was served on September 29, 2021, electronically to those recipients authorized to receive a notice of electronic filing by the court as follows:

Janet M. Nesse jnesse@mhlawyers.com

Justin P. Fasano, jfasano@mhlawyers.com

Rowena Nicole Nelson rnelson@rnnlawmd.com,
paralegal@rnnlawmd.com,
attorney@rnnlawmd.com,
legalassistant@rnnlawmd.com,
NelsonRR90047@notify.bestcase.com

Additionally, Debtor, Shane Serrant certifies that a copy of the instant opposition was sent on September 29, 2021, by first class mail, postage prepaid as follows:

Debtor
Shane Serrant
2902 Westbrook Lane
Bowie, MD  20721

Defendant
LeeAnn Serrant
2902 Westbrook Lane
Bowie, MD  20721

/s/Rowena Nelson
Rowena Nelson

7